**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **CYNTHIA GOODSON,** | **Civil Case Number:** |
| **Plaintiff,** | |
| **-against-** | **CIVIL ACTION** |
| | **COMPLAINT** |
| | **AND** |
| | **DEMAND FOR JURY TRIAL** |
| **JEFFERSON CAPITAL SYSTEMS, LLC, RESOLVION, LLC, and TORRES AUTO RECOVERY,** | |
| **Defendants.** | |

Plaintiff CYNTHIA GOODSON ("Plaintiff"), a Florida resident, brings this Complaint by and through the undersigned attorneys against Defendant JEFFERSON CAPITAL SYSTEMS, LLC, Defendant RESOLVION, LLC, and Defendant TORRES AUTO RECOVERY (collectively, the "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle even though they did not have an enforceable security interest in her vehicle, thereby violating the Texas UCC.  Plaintiff also brings a claim against the Defendants for the illegal repossession of her vehicle in violation of the Fair Debt Collection Practices Act

1

("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory damages, punitive damages and actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Bonifay, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Jefferson Capital Systems, LLC, ("Jefferson Capital") is a debt buyer and debt collector of consumer debts headquartered in Sartell, Minnesota.

7. Jefferson Capital's primary business is the collection of defaulted consumer debt incurred to another.

8. Jefferson Capital is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Resolvion, LLC, ("Resolvion"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Charlotte, North Carolina.

10. Upon information and belief, Defendant Resolvion is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Resolvion is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant Torres Auto Recovery ("Torres Recovery"), is a repossession company, with its principal place of business located in Suffolk, Virginia.

13. Upon information and belief, Defendant Torres Recovery is a company that uses the mail,

2

telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

14. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Torres Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

16. The Plaintiff owns a 2017 Toyota Camry (the "Vehicle"), financed through Southern Imports.

17. The Plaintiff purchased the Vehicle for personal, family, and household purposes.

18. Upon information and belief, however, and unbeknownst to Plaintiffs, Defendant Jefferson Capital falsely claimed that it had an enforceable security interest in the Vehicle and that it was owed a debt secured by that vehicle.

19. The money allegedly owed to Jefferson Capital is a 'consumer debt' as that term is used and defined in 15 U.S.C. § 1692a(5).

20. Based on that purported claim, Jefferson Capital wrongfully contracted with Defendant Resolvion to repossess the Plaintiff's vehicle.

21. Upon information and belief, Resolvion does not perform any repossessions itself in Texas, but contracts with repossession companies in all fifty (50) states to carry out the actual repossessions, a fact known to Jefferson Capital.

22. Upon information and belief, after being contracted by Jefferson Capital to repossess the Plaintiffs' vehicle, Resolvion arranged for Defendant Torres Recovery to conduct the actual repossession.

3

23. On or about March 17, 2025, Plaintiff visited a family friend in Harris County, Texas, and parked the Vehicle overnight in that friend's private driveway.

24. On or about March 18, 2025, at approximately 8:00 a.m., Plaintiff discovered that the Vehicle was missing from the private driveway where it had been lawfully parked.

25. Believing the Vehicle to have been stolen, Plaintiff immediately contacted law enforcement to report the theft.

26. The Harris County Precinct 4 Constable's Office advised Plaintiff that the Vehicle had been repossessed pursuant to a repossession order for a blue 2017 Toyota Camry with no tag.

27. Plaintiff was shocked to learn this because the Vehicle did not match the description in the order, as Plaintiff's vehicle is a red 2017 Toyota Camry bearing a valid Florida license plate.

28. The Constable's Office instructed Plaintiff to contact Plaintiff's lienholder.

29. Plaintiff subsequently contacted her lienholder, Southern Imports, and was informed that the Plaintiff's account was current, no repossession order had been issued, and Southern Imports had not authorized any repossession of the Plaintiff's vehicle.

30. Plaintiffs again contacted law enforcement, which conducted further inquiry and informed Plaintiff that Jefferson Capital was the company that issued the repossession of the Vehicle on March 18, 2025 in connection with an individual.

31. Plaintiff had no knowledge of, and no connection whatsoever to, the individual identified by Jefferson Capital as the debtor.

32. As a result of Defendants' wrongful conduct, Plaintiff's Vehicle was taken without just cause or authority.

4

33. The Vehicle was eventually returned to Plaintiff, but only after Plaintiff was deprived of the use of the Vehicle, suffered disruption, and was forced to expend substantial time and effort to resolve the matter.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

34. Plaintiff repeats, reiterates and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

35. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

36. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

37. At the time of the repossession, Defendants did not have an enforceable security interest in the Plaintiff's vehicle or any other legal right to take that vehicle, yet they seized the Vehicle anyway and continued to hold it even after being alerted they had no lawful right to do so.

38. Furthermore, because the Defendants did not have an enforceable security interest in the Vehicle, the Vehicle was clearly exempt by law from dispossession.

39. As a result, Defendants violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle.

40. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in trying to regain possession of the Vehicle, and by depriving her of the use of her vehicle.

42. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**TEX. BUS. & COM.CODE ANN. § 9.609 *et seq.***
**(Against All Defendants)**

43. Plaintiff repeats, reiterates and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

44. Plaintiff brings this Count against all Defendants.

45. Texas only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. TEX. BUS. & COM.CODE ANN. § 9.609.

46. At the time of the repossession, Defendants did not have an enforceable security interest in the Plaintiff's vehicle, yet they seized the Vehicle anyway and continued to hold it even

after being alerted they had no lawful right to do so.

47. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

48. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

49. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in trying to regain possession of the vehicle, and by depriving her of the use of her vehicle.

### COUNT III
### CONVERSION
### (Against All Defendants)

50. Plaintiff repeats, reiterates and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

51. Plaintiff brings this Count against all Defendants.

52. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of her own vehicle.

53. The Defendants then held Plaintiff's vehicle for a period of time, thereby exercising control

over the Plaintiff's property.

54. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding her vehicle.

55. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle, in damaging her vehicle, in causing Plaintiff to waste countless hours in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

56. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, wasted time, anger, anxiety, emotional distress, frustration and embarrassment.

57. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff her actual damages incurred, as well as punitive damages;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff such other and further relief as this Court

may deem  just and proper.

Dated:  November 24, 2025

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Attorneys for Plaintiff*

9